UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VIASYSTEMS, INC., | ) |
|       Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:08CV742-DJS |
| M.M.G.T. ENERPRISES, INC., et al., | ) ) ) ) |
|       Defendants. | ) |

**ORDER**

On May 22, 2008, plaintiff Viasystems, Inc. filed a complaint with this Court, naming as defendants M.M.G.T. Enterprises, Inc. and ADS Technologies, Inc.[1] Plaintiff subsequently filed an amended complaint naming two additional defendants, Adesso, Inc. and Michael McCoy.[2] Now before the Court are defendant McCoy's motion to dismiss for lack of personal jurisdiction [Doc. #20], and defendant Adesso's motion to dismiss for lack of personal jurisdiction [Doc. #28]. These matters have been fully briefed and are ready for disposition.

**Standard of Review**

Defendants McCoy and Adesso have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), asserting

---

[1]Defendants M.M.G.T. and ADS state that they are the same entity. That is, they state that M.M.G.T. formally changed the corporation name to ADS on February 24, 1997.

[2]On April 1, 2009, defendants M.M.G.T. and ADS filed a suggestion of filing bankruptcy [Doc. #40], and on April 7, 2009, the Court issued an order [Doc. #41] staying the action as to these defendants. The Court noted in its order that, with regard to defendants McCoy and Adesso, this action remains pending.

that this Court cannot exercise personal jurisdiction over them. The party seeking to invoke federal jurisdiction has the burden of establishing that jurisdiction exists. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982). However, "[t]o defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citing Watlow Elec. Mfg. v. Patch Rubber Co., 838 F.2d 999, 1000 (8th Cir. 1988)). When, as in this case, the Court does not hold a hearing but instead relies on pleadings and affidavits, the Court must look at the facts in the light most favorable to the nonmoving party, resolving all factual conflicts in favor of that party. Id. (citing Nieman v. Rudolf Wolff & Co., Ltd., 619 F.2d 1189, 1190 (7th Cir.), cert. denied, 449 U.S. 920 (1980)); accord Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977).

**Facts**

Defendant ADS is a California corporation with its principal place of business in Los Angeles County, California. The first amended complaint alleges that defendant ADS entered into a contract with plaintiff, whereby plaintiff was to manufacture goods and provide services to defendant ADS. Defendant McCoy is, and at all relevant times was, the president of defendant ADS. According to the allegations contained in the amended complaint, defendant ADS agreed to pay plaintiff a sum in excess of $100,000.00 for the goods and services provided by plaintiff, but has failed to so pay.

Adesso is a corporation incorporated in California with its principal place of business in California. Plaintiff's amended complaint alleges that defendant ADS sold plaintiff's products to defendant Adesso. The amended complaint names, not only defendant ADS, but also defendant McCoy in his individual capacity and defendant Adesso.

**Defendant McCoy**

Defendant McCoy filed an affidavit in support of his motion to dismiss. In it, he avers that he is an individual residing in the State of California. He further avers that he was one of two original incorporators and shareholders of defendant ADS. Shortly after its incorporation, two other individuals became shareholders of defendant ADS. Defendant McCoy states that all corporate formalities have been observed with regard to defendant ADS. That is, defendant ADS keeps its own books and finances separate from its shareholders and officers' assets. Further, defendant McCoy states that he has never borrowed money from defendant ADS, and has not used defendant ADS funds to pay a personal obligation. Defendant McCoy avers that he has never done or transacted business in Missouri, does not have an officer or a registered agent in Missouri, has never sold goods or services in Missouri, does not own real property in Missouri, has not solicited business or advertised in Missouri, has not made a contract or committed a tort within Missouri, and has not ever been to Missouri except for a trip in the 1980s to see a football game. Defendant McCoy also states that defendant ADS took out an accounts

receivable loan with East West Bank in 1997, which assumed a security interest in the business and also placed a lien upon defendant McCoy's home.

Plaintiff has filed an affidavit in support of its memorandum in opposition to defendant McCoy's motion to dismiss. Plaintiff states that defendant McCoy and personnel from plaintiff's Missouri office "communicated via telephone and email regarding the negotiation and finalization" of the parties' agreement. Doc. #24-3, p. 2. The Court notes, however, that plaintiff's affidavit does not establish who placed these calls, or from where the email conversations originated. Further, plaintiff's affidavit states that defendant McCoy signed the agreement between defendant ADS and plaintiff, and that defendant McCoy knew that plaintiff's principal place of business is in Missouri. Also, plaintiff's affidavit suggests that defendant McCoy did not authorize payment to plaintiff because he was trying to pay off the outstanding bank loan for which his house served as collateral.

**Defendant Adesso**

Defendant Adesso has filed the affidavit of Allen Ku in support of its motion to dismiss. Ku is the chief executive officer of defendant Adesso. Ku avers that Adesso has not done business in Missouri, entered into contracts in Missouri, or accepted goods while in Missouri. Ku also states that Adesso did not purchase the property alleged to be that of plaintiff, and has

not accepted goods that it believed or knew to be the property of plaintiff.

Plaintiff has submitted the affidavit of Peter Corsale, an attorney that represents plaintiff. Corsale states that correspondence by and between plaintiff confirmed the sale of defendant ADS to defendant Adesso. Corsale further states that multiple messages were left with defendant Adesso's automated system, alerting it that plaintiff had an interest in its unpaid-for products, and that assets purchased by defendant Adesso may include such products. Corsale states that defendant Adesso failed to respond to his inquires.

**Discussion**

In analyzing a motion to dismiss for lack of personal jurisdiction, the Court must engage in a two-pronged analysis as to whether there is personal jurisdiction over the nonresident defendant under the state long-arm statute and whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment. Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990). However, "Missouri caselaw is clear that the purpose of the long-arm statute is 'to extend the jurisdiction of the courts...to that extent permissible under the Due Process Clause of the Fourteenth Amendment.'" In re Texas Prisoner Litig., 41 F. Supp. 2d 960, 962 (W.D. Mo. 1999) (quoting State ex rel. Deere & Co. v. Pinnell, 454 S.W.2d 889, 892 (Mo. banc 1970)). As such, "the examination of whether Missouri's long-arm statute has been satisfied is

coextensive with whether the assertion of personal jurisdiction over the defendant meets the requirements of due process, and the analysis is collapsed into the single question of whether asserting jurisdiction violates the Due Process Clause." Bell v. Imperial Palace Hotel/Casino, Inc., 200 F. Supp. 2d 1082, 1085 (E.D. Mo. 2001).

The Due Process Clause of the Fourteenth Amendment requires that a nonresident defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); accord World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum and the litigation.'" Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984) (quoting Shaffer v. Heitner, 433 U.S. 186 (1977)). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World Wide Volkswagen, 444 U.S. at 297.

In determining whether the this Court has personal jurisdiction over defendant McCoy, it must consider "(1) the nature and quality of his contacts with Missouri; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience of the parties." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (quotation

omitted). The Court notes it should give significant consideration to the first three factors. Id.

For an officer of a corporation to be individually liable for the misdeeds of a corporation, "he must be shown to have had actual or constructive knowledge of the actionable wrong and participated therein." Osterberger v. Hites Const. Co., 599 S.W.2d 221, 229 (Mo. App. 1980).

> The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well. For jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals.

Colt Studio, Inc. v. Badpuppy Enter., 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999)(internal citations omitted).

If an individual or a company commits tortious acts outside of the forum state which have consequences within the forum state, the due process requirements of the Fourteenth Amendment may be satisfied. This is the case, even if the individual or company never visits or transacts business in the forum state.

> [A] non-resident defendant "commits a tortious act within the state" and subjects itself to suit in the state in accordance with the due process requirements of International Shoe and World-Wide Volkswagen, when, through wholly extra-territorial acts it sets in motion a course of action deliberately designed to move into the forum state in order to injure plaintiff's business.

Pfeiffer v. Int'l Acad. of Biomagnetic Med., 521 F. Supp. 1331, 1336 (W.D. Mo. 1981).

Plaintiff argues that defendant McCoy transacted business and committed tortious acts that have affected plaintiff, and that such actions and business activities establish the minimum contacts necessary for this Court to assert jurisdiction over defendant McCoy. Plaintiff also argues that, because defendant McCoy used his personal residence as collateral for a bank loan, and used the proceeds from the sale of defendant ADS and plaintiff's products to satisfy that loan, defendant ADS is really the alter ego of defendant McCoy. Plaintiff argues that this Court should therefore pierce the corporate veil of defendant ADS, and assert jurisdiction over defendant McCoy.

The Court finds that plaintiff has not presented facts that establish that defendant McCoy had minimum contacts with Missouri which would allow personal jurisdiction in accord with due process requirements. That is, nothing before the Court establishes that defendant McCoy purposefully directed his activities in Missouri, and the instant claim does not arise out of or relate to defendant McCoy's activities with Missouri. Rather, defendant McCoy's activities within Missouri can fairly be described as scant or tenuous. Nor has plaintiff presented facts that establish that defendant ADS is a sham corporation and that defendant McCoy is really the alter ego of this corporation, exposing him to personal jurisdiction based on corporate actions. Contra Oriental Trading Co. v. Firetti, 236 F.3d 938, 943 (8th Cir.

2001) (finding that, because corporate officers made numerous phone calls and faxes and sent many invoices to plaintiff in Nebraska to perpetuate their scam, they "should have realized that the brunt of the harm would be felt there, and they should have reasonably anticipated being haled into court there"). Accordingly, the Court will grant defendant McCoy's motion to dismiss for lack of personal jurisdiction.

With regard to defendant Adesso's motion to dismiss, plaintiff alleges that defendant Adesso took plaintiff's goods and converted them for its own use and profit. Plaintiff argues that the effects of defendant Adesso's conduct can be felt in Missouri, and that defendant Adesso is therefore subject to the jurisdiction of this Court.

The Court finds that plaintiff has not sufficiently established that defendant Adesso had minimum contacts with Missouri which would allow personal jurisdiction in accordance with due process. That is, there is little in the way of allegations and evidence which, if accepted as true, demonstrate that defendant Adesso availed itself to the laws or protections of Missouri such that this Court has jurisdiction over it. Further, even assuming as true plaintiff's allegation that it put defendant Adesso on notice of plaintiff's potential claim to some of defendant Adesso's assets, the Court agrees with defendant Adesso that its actions with knowledge of plaintiff's possible claim is <u>not</u> a deliberate tortious movement into Missouri.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Michael McCoy's motion to dismiss for lack of personal jurisdiction [Doc. #20] is granted, and all claims asserted against defendant McCoy are dismissed without prejudice.

**IT IS FURTHER ORDERED** that defendant Adesso, Inc.'s motion to dismiss for lack of personal jurisdiction [Doc. #28] is granted, and all claims asserted against defendant Adesso are dismissed without prejudice.

Dated this   21st    day of April, 2009.

                                         /s/Donald J. Stohr
                                         UNITED STATES DISTRICT JUDGE